UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| GOODLUCK EDIBIOKPO | CIVIL ACTION |
|---|---|
| VERSUS | NO:10-357 |
| OFFICER PETERMANN ET AL | SECTION: "J" (4) |

**ORDER AND REASONS**

Before the Court is Defendant Winn-Dixie Procurement, Inc. and Winn-Dixie Montgomery, LLC's (hereafter collectively referred to as "the Winn-Dixie Defendants") **Motion to Dismiss** (Rec. D. 15) and the City of Hammond, and Officers Petermann, Hampton, Cali, and Drago's (hereafter collectively referred to as the "COH Defendants") **Motion to Dismiss** (Rec. D. 17). Upon review of the record, the memoranda of parties, and the applicable law, this Court now finds, for the reasons set forth below, that the Winn Dixie Defendants' Motion to Dismiss (Rec.D. 15) is **GRANTED** and the COH Defendants' Motion to Dismiss (Rec. D. 17) is **DENIED.**

**FACTUAL AND PROCEDURAL BACKGROUND:**

This case stems from an encounter between Plaintiff and several of the Defendants in the parking lot of a Winn-Dixie warehouse in Hammond, Louisiana. On February 20, 2009 Plaintiff delivered a semi-tractor trailer full of goods to the Winn-Dixie warehouse. Upon arrival, Plaintiff alleges that he realized that

1

he had used up his allowable driving time pursuant to Federal Motor Carrier Safety Act ("FMCA") 49 CFR § 395.3. Plaintiff avers that he was unable to leave the parking lot until the next day so he remained in his rig and fell asleep for the night.

Later that night, Ivan Lester[1], an employee of Winn-Dixie, called the police to have Plaintiff removed from the premises. As a result of this call, the COH Defendants and Plaintiff were involved in a altercation.

Plaintiff alleges that he was dragged by force from his truck, struck several times, sprayed with pepper spray, and spent ten (10) days in jail without the opportunity to see a judge all in violation of his civil rights and § 1983.

The COH defendants argue that Plaintiff resisted arrest and charged him with criminal trespass and four (4) counts of resisting arrest. Plaintiff filed suit on February 10, 2010.

## WINN-DIXIE'S MOTION TO DISMISS (REC. D. 15)
**PARTIES' ARGUMENTS**

The Winn-Dixie Defendants move this Court to dismiss all claims against them because Plaintiff fails to state a cognizable claim. First, the Winn-Dixie Defendants argue that they are not state actors and therefore cannot be liable for any violations

---

[1] Ivan Lester is a named defendant in this matter but he has not been served yet and is not a party to either Motion to Dismiss.

under § 1983. The Winn-Dixie Defendants also argue that they cannot be held liable for any damage to Plaintiff through a negligence claim. The Winn-Dixie Defendants rely on several facts. First, they argue that they have a right to maintain control over the property. Therefore, they were not required to allow Plaintiff to remain on their property. See La. R. S. 14:63 (F)(3) (giving property owners the right to exclude any person making a delivery at a business). Winn-Dixie further argues that they owe no duty to Plaintiff because Winn-Dixie is not Plaintiff's employer. They allege that they are not bound by the FMCA. 49 CFR 390.3 The fact that Plaintiff could not drive any longer, according to Winn-Dixie, was Plaintiff's fault. Any remedial action which was necessary to fix Plaintiff's problem was not the responsibility of Winn-Dixie. Furthermore, the Winn-Dixie Defendants argues that any actions taken by the police as a result of Lester's call cannot properly be said to be the fault of Winn-Dixie.

Plaintiff agrees with the Winn-Dixie Defendants that they cannot hold Winn-Dixie liable for any § 1983 claims. Instead, Plaintiff argues that Winn-Dixie was negligent in its handling of this matter with Plaintiff. Plaintiff suggests that the Winn-Dixie defendants either negligently violated their policy of allowing truck drivers to rest in its warehouse parking lot or they enforced a policy which is negligently in place.

In order to prove negligence in Louisiana, Plaintiff argues that the Court must complete a duty/risk analysis with five elements which must be proven. Plaintiff argues that his complaint alleges sufficient facts to meet the elements of a tort of negligence.

**DISCUSSION:**

As set forth by the Supreme Court in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), the standard to be applied when deciding a Rule 12(b)(6) motion is not whether it is conceivable that some set of facts could be developed to support the allegations in the complaint, but rather whether the Plaintiff has stated enough facts in the complaint to allow a court to conclude that it is "plausible" that the Plaintiff is entitled to relief. The Court must accept as true all well-plead allegations and resolve all doubts in favor of the Plaintiff. <u>Tanglewood East Homeowners v. Charles-Thomas, Inc.</u>, 849 F.2d 1568, 1572 (5th Cir. 1988).

The Court notes at the outset that both parties agree that the Winn-Dixie Defendants are not subject to liability pursuant to §1983.

Plaintiff has also brought this case alleging state law negligence-based claims against each defendant. Specifically, the Plaintiff alleges that the Winn-Dixie Defendants have a duty to

4

Plaintiff to keep him from harm and permit him to stay on the property until he could safely leave. Alternatively, Plaintiff alleges that the Winn-Dixie Defendants enforced an illegal policy against Plaintiff. Louisiana courts use a duty/risk analysis to analyze negligence claims such as this. See Mathieu v. Imperial Toy Corp., 646 So. 2d 318, 321-22 (La. 1994). In order for a defendant to be liable, the Plaintiff must prove each of these five elements: (1) the defendant had a duty to conform his or her conduct to a specific standard of care; (2) the defendant failed to conform its conduct to the appropriate standard; (3) the defendant's substandard conduct was the cause-in-fact of the Plaintiff's injuries; (4) the defendant's substandard conduct was a legal cause of the Plaintiff's injuries; and (5) actual damages. Id. The Winn-Dixie defendants, in their motions to dismiss, argue that even taking the Plaintiff's allegations as true, the Plaintiff cannot prove the first element, that a duty existed to conform to a certain standard of care, or the fourth element, that any defendants' substandard conduct was a legal cause of the Plaintiff's injuries.

The fourth element of the duty/risk analysis pertains to the scope of liability or scope of protection. See Brown v. Trask, 998 So. 2d 131, 134-135 (La. App. 4th Cir. 2008). This is a determination of whether the Plaintiff's injuries fall within the contemplation of the defendants' alleged duties. Roberts v.

5

Benoit, 605 So. 2d 1032, 1044 (La. 1991). "The essence of the legal cause inquiry is whether the risk and harm encountered by the Plaintiff falls within the scope of protection of the duty." State Farm Mut. Auto. Ins. Co. v. LeRouge, 995 So. 2d 1262, 1275 (La. App. 4th Cir. 2008). Put another way, this element asks "whether the enunciated rule or principle of law extends to or is intended to protect this Plaintiff from this type of harm arising in this manner." Roberts, 605 So. 2d at 1044 (citation omitted)(emphasis in original). The determination of the scope of the duty is "ultimately a question of policy as to whether the particular risk falls within the scope of the duty." Id. at 1045 (citing Edwards v. State, 556 So. 2d 644, 648-49 (La. App. 2d Cir. 1990)). The Louisiana Supreme Court has instructed that in determining the scope of a duty courts should consider "how easily the risk of injury to Plaintiff can be associated with the duty sought to be enforced." Id. This ease of association inquiry includes a consideration of foreseeability, but is not solely based on whether the harm was foreseeable. Id.

Assuming, arguendo, that defendants in this case had a duty to provide Plaintiff with a safe harbor for the night as alleged in the complaint by the Plaintiff, a proposition that itself is questionable, it is impossible to conclude that such a duty on the part of any defendant extends to protect this Plaintiff from being injured by alleged misconduct by the police department. The

6

alleged duty which Plaintiff seeks to enforce has to do with Plaintiff's ability to safely operate his truck. The risks which might be associated with the alleged duty would result in a traffic accident or some other injury as a result of unsafe driving. However, the Court can discern no connection between this alleged duty and the alleged damage to Plaintiff as a result of the unlawful physical force by law enforcement. The Court finds that Plaintiff fails to plead facts which would satisfy the fourth element of a state law negligence claim.

**CITY OF HAMMOND"S MOTION TO DISMISS (Rec. D. 17)**

**PARTIES' ARGUMENTS**

The COH Defendant's Motion to Dismiss seeks to dismiss all claims against them pursuant to Heck v. Humphrey, 512 U.S. 477 (1994) since Defendant has pending criminal charges against him which stem from this incident. Heck holds that claims are not cognizable pursuant to §1983 if there is an underlying valid conviction which necessarily contradicts a finding of liability under §1983. COH Defendants claim that since the alleged §1983 violations stem from an alleged false arrest, a finding of guilty for the criminal charges would necessarily bar this claim. Therefore, the COH Defendants argue that the Court should dismiss Plaintiff's claims with prejudice.

Plaintiff avers that the Court should not dismiss his claims since doing so would effectively bar Defendant from bringing any claims arising out of this action. Plaintiff reasons that since there is a one-year prescription period on this claim and he has not yet been to trial for his criminal charges, preventing Plaintiff for filing in advance of the close of criminal proceedings would deprive Plaintiff of any cause of action.

Plaintiff also argues that some of his claims would not be barred by Heck even if he were found guilty of the underlying criminal charges. For example, Plaintiff alleges that he was detained for almost ten (10) days without the benefit of seeing a judge. Plaintiff argues that this constitutional violation would not be barred by Heck since it does not depend on his guilt or innocence.

**DISCUSSION:**

This case presents a classic scenario in which Heck might apply. Plaintiff has a asserted § 1983 violations for an event which resulted in criminal charges. Where there is a criminal, "the district court must consider whether a judgment in favor of the Plaintiff would necessarily imply the invalidity of his conviction or sentence." Heck v. Humphrey, 512 U.S. 477, 487 (U.S. 1994)

However, in the present case, Defendant's charges are still pending. The Court has no way of evaluating whether or not Plaintiff's claims would undermine his criminal conviction. Furthermore, Plaintiff is correct that dismissing the case with prejudice would effectively bar Plaintiff from asserting any potential §1983 claims. The more sensible approach to this factual scenario would be to stay the case. In fact, the Supreme Court has held that "[i]f a Plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." Wallace v. Kato, 127 S. Ct. 1091, 1098 (U.S. 2007); See also Connors v. Graves, 538 F.3d 373, 375 (5th Cir. La. 2008) ("The district court stayed Connors's claims pending resolution of state criminal charges arising from the same underlying conduct.")

The Court also notes that some of Plaintiff's claims would survive Heck even if he were to be found guilty such as those related to the allegation that Plaintiff was held for ten (10) days without being afforded the opportunity to see a Judge.

Accordingly,

9

**IT IS ORDERED** that the Winn Dixie Defendants' Motion to Dismiss (Rec.D. 15) is **GRANTED.**

**IT IS FURTHER ORDERED** that the COH Defendants' Motion to Dismiss (Rec. D. 17) is **DENIED.**

**IT IS FURTHER ORDERED** that this case be **STAYED** pending resolution of Plaintiff's pending criminal charges.

New Orleans, Louisiana, this the 7th day of May 2010.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE